# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1840V
UNPUBLISHED

| | |
|---|---|
| GWENDOLYN LOVE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: January 22, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Guillain-Barré Syndrome (GBS) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Linda Sara Renzi*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

      On November 30, 2018, Gwendolyn Love filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered Guillain-Barré Syndrome as a result of receiving the influenza (flu) vaccine on December 10, 2015.  Petition at 1.  Petitioner further alleges that he received the vaccination in the United States, that her symptoms began within forty-two (42) that she suffered the residual effects of her GBS for more than six (6) months, and that neither she nor any other party has filed a civil action or received compensation for her GBS.  *Id.* at ¶¶ 2, 17-19. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 21, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent "concluded that petitioner suffered the Table injury of GBS following a flu vaccine within the Table time period, and there is not a preponderance of the medical evidence that petitioner's GBS was due to a factor unrelated to the vaccination. The claim also meets the statutory severity requirements because petitioner experienced sequelae of her GBS for more than six months." *Id.* at 6 *citing* 42 C.F.R. § 100.3(a); 42 U.S.C. §§ 300aa-11(c)(1)(D)(i), 300aa-13(a)(1). Respondent further agrees that "the scope of damages to be awarded is limited to petitioner's GBS and its related sequelae only." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                <u>s/Brian H. Corcoran</u>
                Brian H. Corcoran
                Chief Special Master